Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| CAL COBURN BROWN,<br><br>          Petitioner,<br><br>     v.<br><br>STEPHEN SINCLAIR,<br><br>          Respondent. | C10-1446-JCC<br><br>**ORDER** |

This matter comes before the Court upon a petition for writ of *habeas corpus.* (Dkt. No. 2). Petitioner Cal Coburn Brown asks this Court to stay his pending execution, currently scheduled for tomorrow, September 10, 2010, at 12:01 a.m. Respondent Stephen Sinclair, the prison warden charged with the responsibility of supervising the execution, opposes Petitioner's request. (Dkt. No. 3). Having reviewed the parties' briefing and the relevant exhibits and declarations, the Court hereby DENIES the petition for the reasons explained below.

ORDER, C10-1446-JCC
Page 1

## I. BACKGROUND

Petitioner killed Holly Washa on May 24, 1991. A Washington State jury convicted him of aggravated murder in the first degree in December 1993, and sentenced him to death in January 1994. The conviction and sentence became final in January 2009, after a lengthy appeals process that included argument before the United States Supreme Court. *See Brown v. Uttrecht*, 530 F.3d 1031 (9th Cir. 2008) (describing procedural history).

Since his conviction and sentence became final, Petitioner has raised two claims before this Court, arguing first, that state execution protocols constitute cruel and unusual punishment in violation of the Eighth Amendment, and second, that the Constitution forbids Washington State from executing him because he would be mentally incompetent without the use of certain medications to treat his mental-health issues. This Court denied his petition for relief with respect to the first theory in an order issued on August 31, 2010. (*Brown v. Vail*, C09-5101, Dkt. No. 53). This Court also denies his petition for relief with respect to the second theory today. In so doing, the Court upholds the judgment of the King County Superior Court, which denied Petitioner's request for relief on the second theory on September 8, 2010. (Dkt. No. 1 at 29–39).[1]

## II. RELEVANT FACTS

Petitioner has been prescribed different medications to treat underlying mental-health problems since he was incarcerated in 1994. These medications have included *lithium* and *depakote*, and the mental-health problems have included diagnoses of antisocial personality disorder and probable bipolar disorder. (McBath Report 4 (Dkt. No. 1 at 41)). Petitioner nowhere expressly alleges that he has taken these medications against his will, nor does he offer evidence to suggest as much.

Petitioner was recently examined by Dr. George Woods, a psychiatrist. Dr. Woods diagnosed Petitioner as suffering from bipolar disorder. He also concluded, within a reasonable degree of medical

---

[1] The Washington State Supreme Court unanimously affirmed the King County Superior Court in an order issued September 9, 2010. (Dkt. No. 5-1 at 2).

1  certainty, that a "reasonable likelihood" exists that Petitioner would suffer from "symptoms of mood
2  disruption, including mania and depression," if he were to stop taking his medications. According to Dr.
3  Woods, these possible mood disruptions "may impair his capacity to rationally understand the reason for
4  his execution due to his severe mental illness." (Woods Report 9 (Dkt. No. 1 at 60)).

## III. LEGAL STANDARD

This petition for writ of *habeas corpus* is governed by the Antiterrorism and Effective Death Penalty Act of 1996, *codified in relevant part at* 28 U.S.C. § 2254. Under the Act's provisions, this Court cannot grant *habeas* relief to any person in the custody of Washington State unless the proceedings in the Washington State judicial system "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

The decision of a state court can be contrary to clearly established federal law in one of two ways: It can arrive at a conclusion opposite to that reached by the Supreme Court on a question of law, or it can confront facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The phrase "clearly established federal law" refers to "the holdings, as opposed to the dicta" of the Supreme Court's decisions. *Id.* at 412. The determination of a state court may be set aside under this standard if, under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000). A state-court decision is an unreasonable application of federal law if the evidence is "too powerful to conclude anything but the contrary" of the conclusion reached by the state court. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007). It does not suffice on *habeas* review that reasonable minds might disagree about the state court's decision. *Rice v. Collins*, 546 U.S. 333, 341–42 (2006).

## IV. RELEVANT LAW

"[T]he Eighth Amendment prohibits a state from carrying out a sentence of death upon a prisoner who is insane." *Ford v. Wainwright*, 477 U.S. 399, 410–11. For the purposes of the Eighth Amendment, a condemned prisoner is competent to be executed if he "perceives the connection between his crime and his punishment." *Id.* at 422 (Powell, J., concurring). The Eighth Amendment therefore forbids the execution of a prisoner "whose mental illness prevents him from comprehending the reasons for the penalty or its implications." *Id.* at 417 (Marshall, J., for a plurality).

If a prisoner makes a substantial showing of incompetency, he is entitled to a "fair hearing" that includes an "opportunity to be heard." *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007) (citing *Ford*, 477 U.S. at 424 (Powell, J., concurring)). Under this standard, "a constitutionally acceptable procedure may be far less formal than a trial." *Id.* at 950.

## V. DISCUSSION

Petitioner's claims fail for several reasons. First, the United States Supreme Court has never held that the Eighth Amendment forbids a state from executing a prisoner whose competence depends upon his long-standing use of medications to treat mental-health problems. The Antiterrorism and Effective Death Penalty Act therefore precludes relief, because a federal court can grant a state prisoner a writ of *habeas corpus* only if the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established federal law, *as determined by the Supreme Court of the United States*[.]" 28 U.S.C. § 2254(d)(1) (emphasis added). Petitioner argues that a "logical reading" of Supreme Court precedent mandates the conclusion that the Eighth Amendment "prohibits the execution of those made artificially or superficially competent via the use of medications." (Petition 6 (Dkt. No. 1)). A logical reading mandates no such thing: Petitioner has medicated the effects of his mental-health problems ever since he was incarcerated, presumably to improve his own quality of life. He has lived for the past two decades under the effects of medication, and now argues that he would be incompetent

except for the effects of the medication. It is undisputed that Petitioner is competent to be executed today. The direct precedent of the United States Supreme Court requires no more.

Second, the state courts provided Petitioner with adequate process at which to litigate this issue. Petitioner filed a request for relief with the King County Superior Court on September 3, 2010. The trial court heard argument on the issue and considered the parties' proffered evidence. (Findings and Conclusions 2 (Dkt. No. 1 at 30)). The court considered the report of Dr. Woods, and gave his findings their due weight. The court concluded that Petitioner had failed to make a substantial showing of incompetency and therefore denied his motion for a stay of his execution. Because Petitioner was provided with a "fair hearing" that included an "opportunity to be heard," the state courts complied with the requirements of the Eighth Amendment. *See Panetti v. Quarterman*, 551 U.S. 930, 948 (2007) (citing *Ford*, 477 U.S. at 424 (Powell, J., concurring)).

Third, Petitioner has failed to demonstrate that the state court unreasonably applied Supreme Court precedent when it concluded that he had failed to make a substantial showing of incompetence. Petitioner relied on the report of Dr. Woods to substantiate his claim, but the report offers nothing more than conjecture, possibility, and hypothesis. Most importantly, Dr. Woods nowhere concludes that Petitioner is currently incompetent to be executed. He nowhere argues that Petitioner cannot understand the rational connection between the murder of Holly Washa and his execution. Dr. Woods only concludes that there exists "a reasonable likelihood" that Petitioner would suffer from "mood disruption" if he stopped taking his medications. Dr. Woods then argues that these possible mood disruptions "may impair [Petitioner's] capacity to rationally understand the reason for his execution due to his severe mental illness." (Woods Report 9 (Dkt. No. 1 at 60)). In other words, Petitioner *might* suffer mood disorders, and these mood disorders *might* impair his understanding, but these consequences follow *only if* Petitioner were to stop taking his medications. Given that the state court was offered only such speculation, this Court cannot conclude that it unreasonably applied federal law.

ORDER, C10-1446-JCC
Page 5

1  Such speculation cannot satisfy the requirement that a prisoner make a substantial showing of
2  incompetence before being afforded a hearing. One thing is certain: Petitioner can today "perceive the
3  connection between his crime and his punishment[.]" *Ford,* 477 U.S. at 422 (Powell, J., concurring).
4  Because Petitioner offered only speculation, this Court cannot conclude that the decision of the King
5  County Superior Court to deny him a further evidentiary hearing was "an unreasonable determination of
6  the facts in light of the evidence presented in the state-court proceeding." 28 U.S.C. § 2254(d)(2).

## V.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES the petition for writ of *habeas corpus.*

SO ORDERED this 9th day of September, 2010.

JOHN C. COUGHENOUR
United States District Judge